UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| USA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:15-cr-00029-JDL |
| JESSE ROY, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR RETURN OF PERSONAL PROPERTY**

Defendant Jesse Roy pled guilty to conspiracy to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime, and was sentenced by this court to a term of 140 months imprisonment.  ECF No. 151 at 1-2.

On July 22, 2016, Roy filed a motion for return of personal property, specifically requesting that the federal government return $499 in US currency and a 2002 Volkswagen GTI automobile that were seized in connection with his arrest.  ECF No. 154 at 1.  The government responded with evidence that neither the currency nor the car were ever in the custody or possession of the federal government.  ECF No. 157-1 at 1-2.  The currency remains in the custody of state authorities, namely the Sanford Police Department, and the car was released to an automotive and towing company and made available to Roy's family, who apparently never exercised the option to claim it.  *Id.*

Federal Rule of Criminal Procedure 41(g) provides for the return of property taken from a criminal defendant at the time of his arrest. However, "[t]he government cannot be ordered to return property that it does not have." *United States v. Hervis*, 2010 WL 731028 at *2 (D.N.H. February 23, 2010). Roy may be able to seek return of the currency under state law by filing a motion in state court, but this court is powerless to grant the relief he seeks.

Accordingly, the defendant's Motion for Return of Personal Property, ECF No. 154, is **DENIED**.

**SO ORDERED.**

**DATED THIS 15TH DAY OF SEPTEMBER, 2016**

                                                                      /s/ Jon D. Levy
                                                                    U.S. DISTRICT JUDGE