UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA  )<br>                                                     )<br>           v.                                    )           2:15-cr-00029-JDL-1<br>                                                     )<br>JESSE ROY,                            )<br>                                                     )<br>           Defendant.                    ) | |

ORDER

On December 3, 2015, Jesse Roy pleaded guilty to (1) conspiracy to distribute a controlled substance in violation of 21 U.S.C.A. §§ 841, 846 (West 2015) and (2) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West 2015).  On July 18, 2016, Roy was sentenced to 80 months of imprisonment on the conspiracy to distribute charge, and 60 months on the possession of a firearm charge, to be served consecutively (ECF No. 147).  He was also sentenced to five years of supervised release on each count, to be served concurrently.  Roy did not timely file a notice of appeal.

On May 31, 2023, Roy, proceeding *pro se*, filed a motion (ECF No. 171) that purports to be a notice of appeal pursuant to 18 U.S.C.A. § 3742 (West 2023).  In his motion, Roy argues that his convictions should be vacated and that he should be released from prison because neither the complaining police officer nor any federal agent had standing to assert claims against him, such that this Court lacked jurisdiction over his case.

As a threshold matter, Roy cannot seek relief pursuant to section 3742.  That statute permits criminal defendants to "file a notice of appeal in the district court for

1

review of an otherwise final sentence." 18 U.S.C.A. § 3742. But a notice of appeal must be filed within 14 days of the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Lonjose*, 663 F.3d 1292, 1298 (10th Cir. 2011). Moreover, section 3742 does not "offer any mechanisms for this Court to provide relief," as it is only intended to allow "for a sentence to be appealed." *United States v. Ortiz-Aponte*, No. 10-251 (SCC), 2021 WL 1850610, at *2 (D.P.R. May 6, 2021).

The fact that relief is not available to Roy under section 3742 because a notice of appeal is time-barred does not end the inquiry. "Under a longstanding practice, a court sometimes treats as a request for habeas relief . . . a motion that a *pro se* federal prisoner has labeled differently." *Castro v. United States*, 540 U.S. 375, 377 (2003). This practice derives from the rule that "[p]ro se complaints and motions from prisoners are to be liberally construed." *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000). But harmful consequences can flow from such a recharacterization, namely that any subsequent habeas petitions filed by a prisoner will be subject to restrictive conditions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C.A. § 2244 (West 2023) (specifying restrictive conditions); *see also Castro*, 540 U.S. at 377; *Seesing*, 234 F.3d at 463. Therefore, courts recharacterizing motions as requests for habeas relief must issue so-called *Castro* warnings that (1) inform the prisoner of the intent to recharacterize the motion; (2) explain that recharacterization will subject the prisoner's subsequent habeas petitions to AEDPA's stringent requirements; and (3) provide the prisoner with an opportunity to withdraw or amend the filing. *See United States v. Sevilla-Oyola*, 770 F.3d 1, 12 n.21 (1st Cir. 2014); *Hitchcock v. United States*, No. 1:13-cr-00022-JAW,

2016 WL 4146080, at *1 (D. Me. Aug. 4, 2016) (citing *Castro*, 540 U.S. at 377), *report and recommendation adopted*, 2016 WL 4595675 (D. Me. Sept. 2, 2016). Additionally, courts retain discretion not to recharacterize improperly filed motions, particularly if doing so could ultimately disadvantage the prisoner. *See United States v. Anaya*, 772 F. App'x 720, 721 (10th Cir. 2019); *Brooks v. Covello*, No. 2:20-CV-1573-WBS-DMC-P, 2021 WL 3077162, at *4 n.4 (E.D. Cal. July 21, 2021); *see also United States v. Michaud*, No. 2:15-cr-00057-JDL, 2016 WL 7335588, at *2 & n.2 (D. Me. Dec. 16, 2016) (recommending that this Court decline to treat a motion as a habeas petition to spare the movant from AEDPA's stringent requirements should she choose to file additional habeas petitions).

Under the circumstances of this case, I decline to exercise my discretion to treat Roy's motion as a request for habeas relief. Roy's motion is based on the misguided argument that the United States needed Article III standing to prosecute him.[1] It could ultimately disadvantage Roy if I treat his motion as a habeas petition only to summarily reject his arguments on the merits. This is because any subsequent habeas petition that Roy may file would be subject to AEDPA's stringent rules for successive petitions. Thus, in the interests of justice, I will not treat Roy's motion as

---

[1] The United States need not satisfy ordinary standing requirements—injury in fact, causation, and redressability—to initiate criminal prosecutions. *See United States v. Daniels*, 48 F. App'x 409, 417-18 (3d Cir. 2002) (per curiam) ("[I]n Appellant's view, his crimes did not inflict the 'concrete' and 'imminent' injury in fact' on the United States that Article III requires civil litigants to demonstrate to have their claims adjudicated in federal court[.]  This contention is frivolous. As sovereign, the United States has standing to prosecute violations of valid criminal statutes." (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992))); *see also* Edward A. Hartnett, *The Standing of the United States: How Criminal Prosecutions Show That Standing Doctrine Is Looking for Answers in All the Wrong Places*, 97 Mich. L. Rev. 2239, 2251 (1999); Richard H. Fallon, Jr., *The Fragmentation of Standing*, 93 Tex. L. Rev. 1061, 1080 (2015).

a habeas petition and instead will dismiss it as untimely.  *See Anaya*, 772 F. App'x at 721; *Brooks*, 2021 WL 3077162, at *4 n.4; *Michaud*, 2016 WL 7335588, at *2 & n.2.

For those reasons, Roy's motion (ECF No. 171) is **DISMISSED** as untimely.

**SO ORDERED.**

Dated:  August 24, 2023

                                                                                        **/s/ JON D. LEVY**
                                                 **CHIEF U.S. DISTRICT JUDGE**